Civil Action No. 4:18-cv-3250

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| CJ HOLDING CO., *et al.*, | § | |
| | § | |
| Debtors. | § | |
| _____ | § | Bankruptcy Case No. 16-33590 (DRJ) |
| | § | |
| JOHN COLE | § | |
| Appellant. | § | |
| | § | |
| vs. | § | |
| | § | |
| NABORS CORPORATE SERVICES, INC. | § | |
| Appellee. | § | |

---

## BRIEF OF APPELLEE

---

HAYNES AND BOONE, LLP

Henry Flores
Texas State Bar No. 00784062
Christina Crozier
Texas State Bar No. 24050466
Kelli S. Norfleet
Texas State Bar No. 24070678
Kelsey L. Zottnick
Texas State Bar No. 24102687
1221 McKinney, Suite 2100
Houston, TX 77010
Telephone: (713) 547-2000
Facsimile (713) 547-2600
*henry.flores@haynesboone.com*
*christina.crozier@haynesboone.com*
*kelli.norfleet@haynesboone.com*
*kelsey.zottnick@haynesboone.com*

**COUNSEL FOR APPELLEE,**
**NABORS CORPORATE SERVICES, INC.**

# CORPORATE DISCLOSURE STATEMENT

The Appellee in this case is Nabors Corporate Services, Inc. ("Nabors"). Under Federal Rule of Bankruptcy Procedure 8012, Nabors makes the following corporate disclosure statement.

a.  Parent companies of the corporation:

- Nabors Corporate Services, Inc. is a subsidiary of Nabors Industries Ltd.

b.  Any publicly held company that owns ten percent or more of the corporation:

- Nabors Industries Ltd. owns a 100% interest in Nabors Corporate Services, Inc.

Dated: December 21, 2018

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ....................................................... i

TABLE OF CONTENTS ................................................................. ii

JURISDICTIONAL STATEMENT .................................................... vii

ISSUES PRESENTED ............................................................... viii

STATEMENT OF THE CASE ......................................................... 1

    A.    John Cole filed a discrimination charge against his employer, NCPS. ......................................................................... 1

    B.    NCPS's successor, CJWS, sought bankruptcy relief, but Cole did not file a proof of claim. ........................................... 1

    C.    Cole's claims were released and enjoined, and he failed to obtain relief from the release and injunction. ............................ 2

    D.    Cole proceeded in litigation, and the bankruptcy court entered an order enforcing its injunction. ....................................... 5

SUMMARY OF THE ARGUMENT ................................................... 6

ARGUMENT AND AUTHORITIES ................................................... 7

I.    The release and injunction are enforceable. ................................. 7

    A.    Res judicata precludes Cole from re-litigating the release and injunction. ....................................................................... 8

        1.    The parties are identical. .................................................... 9

        2.    A court of competent jurisdiction rendered the prior judgment. ..................................................................... 10

        3.    The prior judgment was final and on the merits. ............. 11

        4.    The same cause of action is at issue in both suits. ........... 12

    B.    The bankruptcy court acted within its jurisdiction. .................... 12

        1.    The bankruptcy court has jurisdiction to enter and enforce a confirmation order. ........................................ 12

2. Cole cannot collaterally attack the bankruptcy court's jurisdiction to enter the confirmation order. .................................... 13

3. Cole has repeatedly acknowledged the bankruptcy court's jurisdiction ........................................................... 15

C. The release and injunction do not violate 11 U.S.C. § 524 ........................ 16

1. Consensual third-party releases are enforceable. ............................ 16

2. Cole cannot raise a challenge to the third-party release for the first time in this appeal. ....................................... 17

II. The bankruptcy court had the authority to promptly grant the Motion to Enforce. ............................................................................. 18

A. A hearing was not required. ....................................................... 19

B. Cole had adequate notice ......................................................... 20

1. Notice was reasonable under the circumstances. ............................ 21

2. There was no mandatory response period. ...................................... 22

3. The bankruptcy court had the authority to shorten deadlines, if any. ................................................................ 23

C. Any procedural error is harmless. ............................................... 23

CONCLUSION .................................................................................. 24

CERTIFICATE OF COMPLIANCE ............................................................. 26

CERTIFICATE OF SERVICE .................................................................. 27

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 804 Cong., L.L.C.*,
  756 F.3d 368 (5th Cir. 2014) ............................................................ viii

*In re Blast Energy Servs., Inc.*,
  396 B.R. 676 (Bankr. S.D. Tex. 2008) ..................................................8

*Brown v. Illinois Cent. R.R. Co.*,
  480 F. App'x 753 (5th Cir. 2010) ........................................................14

*CHS, Inc. v. Plaquemines Holdings, L.L.C.*,
  735 F.3d 231 (5th Cir. 2013) ...............................................................3

*Eubanks v. F.D.I.C.*,
  977 F.2d 166 (5th Cir. 1992) ....................................................6, 8, 11

*FOM Puerto Rico S.E. v. Dr. Barnes Eyecenter Inc.*,
  255 F. App'x 909 (5th Cir. 2007) ........................................................8

*Great Plains Equip., Inc. v. Koch Gathering Sys., Inc.*,
  45 F.3d 962 (5th Cir. 1995) ...............................................................23

*Int'l Transactions, Ltd. v. Embotelladora Agral Regiomontana, SA de CV*,
  347 F.3d 589 (5th Cir. 2003) ................................................7, 19, 21

*Krueger v. Torres (In re Krueger)*,
  812 F.3d 365 (5th Cir. 2016) ......................................................... viii

*Macon Uplands Venture v. Metro. Life Ins. Co. (In re Macon Uplands Venture)*,
  624 F.2d 26 (5th Cir. 1980) ...............................................................23

*McCorvey v. Hill*,
  385 F.3d 846 (5th Cir. 2004) ......................................................... viii

*In re Millennium Lab Holdings II, LLC*,
    575 B.R. 252 (Bankr. D. Del. 2017), *aff'd*, 591 B.R. 559 (D. Del.
    2018) ...............................................................................................................13

*In re Pac. Lumber Co.*,
    584 F.3d 229 (5th Cir. 2009) ...........................................................................16

*Puckett v. C.I.R.*,
    213 F.3d 636 (5th Cir. 2000) (unpublished).....................................................11

*Republic Supply Co. v. Shoaf*,
    815 F.2d 1046 (5th Cir. 1987) ..................................................................*passim*

*Rockwell Int'l Corp. v. Harnischfeger Indus., Inc. (In re
    Harnischfeger Indus., Inc.)*,
    316 B.R. 616 (D. Del. 2003).............................................................................19

*State v. Soileau (In re Soileau)*,
    488 F.3d 302 (5th Cir. 2007) .......................................................................... viii

*In re Sullivan Cent. Plaza I, Ltd.*,
    935 F.2d 723 (5th Cir. 1991) ...........................................................................19

*Tor Husjord Shipping v. Port Isabel/San Benito Navigation Dist. (In
    re Burton Sec. S.A.)*,
    202 B.R. 411 (S.D. Tex. 1996), *aff'd*, 129 F.3d 607 (5th Cir. 1997)..................8

*Travelers Indem. Co. v. Bailey*,
    557 U.S. 137 (2009)..........................................................................7, 13, 14, 15

*United States v. Brothers Materials, Ltd. (In re Bros. Materials Ltd.)*,
    580 B.R. 475 (S.D. Tex. 2017) ............................................................11, 14, 15

*United Student Aid Funds, Inc. v. Espinosa*,
    559 U.S. 260 (2010)..........................................................................................18

*In re Wool Growers Cent. Storage Co.*,
    371 B.R. 768 (Bankr. N.D. Tex. 2007).............................................6, 10, 16, 17

**Statutes**

11 U.S.C. § 102 .....................................................................................7, 19, 21, 22

11 U.S.C. § 523 ........................................................................18

11 U.S.C. § 524 ..................................................................16, 17

28 U.S.C. § 157 ....................................................... vii, 6, 10, 13

28 U.S.C. § 158 ..................................................................... vii

28 U.S.C. § 1334 ......................................................................11

**Other Authorities**

Fed. R. Bankr. P. 9006 ........................................................22, 23

Fed. R. Bankr. P. 9014 ........................................................19, 22

Fed. R. Bankr. P. 8002 .......................................................... vii

S.D. Bankr. L.R. 9013-1 .........................................................22

## JURISDICTIONAL STATEMENT

This appeal is from a bankruptcy court's order granting a Motion to Enforce a Confirmation Order.

The United States Bankruptcy Court for the Southern District of Texas properly exercised jurisdiction over the Motion to Enforce under 28 U.S.C. §§ 157 and 1334 because allowance or disallowance of claims are core proceedings within the meaning of 28 U.S.C. § 157(b)(2). This Court has jurisdiction under 28 U.S.C. § 158(a).

The bankruptcy court signed its order granting the Motion to Enforce on August 28, 2018. ROA.14-15. The order was entered on August 29, 2018. ROA.14. On September 11, 2018, Appellant John Cole timely filed a notice of appeal of the order granting the Motion to Enforce. ROA.16-17. *See* Fed. R. Bankr. P. 8002.

# ISSUES PRESENTED

1.  Did the bankruptcy court have the authority to enforce a release and injunction contained in an underlying Confirmation Order where—

    - res judicata precludes re-litigation of issues that could have been raised in the underlying confirmation proceedings,

    - the bankruptcy court had jurisdiction to enter the Confirmation Order, and

    - the bankruptcy court had authority to enter a consensual third-party release?

2.  Were there any procedural defects that bar affirmance where—

    - the Appellant was not entitled to a hearing,

    - the bankruptcy court allowed an adequate amount of time for a response, and

    - any procedural deviation would have been harmless error?

The extent of a bankruptcy court's jurisdiction is a legal issue reviewed de novo. *In re 804 Cong., L.L.C.*, 756 F.3d 368, 372-73 (5th Cir. 2014). District courts review a bankruptcy court's fact findings under a clearly erroneous standard and questions of law under a de novo standard. *Krueger v. Torres (In re Krueger)*, 812 F.3d 365, 369 (5th Cir. 2016); *State v. Soileau (In re Soileau)*, 488 F.3d 302, 305 (5th Cir. 2007).[1] Denial of an evidentiary hearing is subject to abuse of discretion review. *McCorvey v. Hill*, 385 F.3d 846, 848 (5th Cir. 2004).

---

[1] The Appellant incorrectly asserts in his brief that fact questions are reviewed for an abuse of discretion. (Appellant's Br. at 2.) The proper standard is clear error. *In re Krueger*, 812 F.3d at 369; *In re Soileau*, 488 F.3d at 305.

## STATEMENT OF THE CASE

### A.     John Cole filed a discrimination charge against his employer, NCPS.

In May of 2014, John Cole filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against his employer, Nabors Completion and Production Services ("NCPS").[2] ROA.4057. The EEOC issued a notice granting Cole the right to file a lawsuit. ROA.4060.

### B.     NCPS's successor, CJWS, sought bankruptcy relief, but Cole did not file a proof of claim.

In 2015, NCPS underwent organizational changes. ROA.4, 4058. Following a merger, NCPS became a wholly-owned subsidiary of C&J Energy, Ltd., and it became known as C&J Well Services Inc. ("CJWS"). ROA.4, 4058. On July 20, 2016, CJWS and several other affiliated companies (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Bankruptcy Code. ROA.509.[3]

On September 25, 2016, the bankruptcy court entered a Bar Date Order establishing deadlines for filing proofs of claim. ROA.509. One day later, Debtors filed a Notice of Deadlines for the Filing of Proofs of Claim (the "Bar Date

---

[2] The Charge of Discrimination was dual-filed with the Texas Workforce Commission Civil Rights Division. ROA.4055-56.

[3] The Debtors include: CJ Holding Co., Blue Ribbon Technology Inc., C&J Corporate Services (Bermuda) Ltd., C&J Energy Production Services-Canada Ltd., C&J VLC, LLC, C&J Well Services Inc., ESP Completion Technologies LLC, KVS Transportation, Inc., Mobile Data Technologies Ltd., Tellus Oilfield Ind., Tiger Cased Hold Services Inc., and Total E&S, Inc. ROA.509.

Notice"). ROA.509-14. Debtors served the Bar Date Notice on Cole on September 28, 2016. ROA.506-07, 2540.

The Bar Date Notice explained that parties who asserted claims against the Debtors prior to the bankruptcy were required to file proofs of claim by November 8, 2016.[4] ROA.510. Creditors who failed to file proofs of claim by the bar date would be "forever barred, estopped, and enjoined from asserting such claim against the Debtors." ROA.513 (all caps omitted).

But Cole never filed a proof of claim.

**C.    Cole's claims were released and enjoined, and he failed to obtain relief from the release and injunction.**

On November 17, 2016, Cole filed a Motion for Relief from the Automatic Stay, which sought permission to pursue claims in a non-bankruptcy forum against CJWS. ROA.3504-22. One day later, on November 18, 2016, Cole filed a discrimination lawsuit in the Western District of Texas ("the Western District

---

[4] Some claimants were exempted from the requirement of filing a proof of claim, including entities listed on the Debtors' Schedules of Assets and Liabilities. ROA.511. But Cole was not listed in CJWS's Schedules of Assets and Liabilities, and he did not fall under any other exemption. ROA.20-294.

Lawsuit") against Nabors Industries, Inc. and Nabors Corporate Services ("Nabors"), but not CJWS. ROA.4061-68.[5]

While Cole's motion for relief from the automatic stay remained pending, the bankruptcy proceeding continued to move forward. To successfully conclude a Chapter 11 proceeding, the debtor must file a plan of reorganization, and the bankruptcy court must enter an order confirming the plan.[6] On December 15, 2016, the Debtors filed a Second Amended Joint Plan of Reorganization ("the Plan"). ROA.3634-90. The bankruptcy court entered an Order Confirming the Plan on December 16, 2016 ("the Confirmation Order"). ROA.3691-3831.

There are two aspects of the Plan and Confirmation Order that are central to this appeal. First, the Plan and Confirmation Order release all claims against the Debtors. The Plan provides:

> After the Effective Date, each Releasing Party is deemed released and discharged by the Debtors . . . from any and all Causes of Action . . . based on or relating to, or in any manner arising from, in whole or in part, the Debtors . . . .

ROA.3810.

---

[5] Cole's brief references a complaint that was allegedly filed in the Southern District against CJWS. (Appellant's Br. at 3, citing ROA.3514-22.) However, it does not appear that Cole ever filed the Southern District Complaint. Cole's lawsuit was actually filed in the Western District against Nabors Industries, Inc. and Nabors Corporate Services—not CJWS. ROA.4061-68.

[6] *CHS, Inc. v. Plaquemines Holdings, L.L.C.*, 735 F.3d 231, 239 (5th Cir. 2013).

Second, the Plan and Confirmation Order include a permanent injunction prohibiting parties from collecting on any indebtedness against the Debtors. The Confirmation Order provides:

> [A]ll Entities who have held, hold, or may hold Claims or Interests that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from . . . commencing or continuing . . . any action or other proceeding . . . in connection with or with respect to any such Claims or Interests [and] enforcing, attaching, collecting or recovering by any manner or means any judgment[.]

ROA.3726.

Cole did not object to confirmation of the Plan or appeal the Confirmation Order.

Months passed. On March 4, 2017, Cole filed an Amended Motion for Relief from the Automatic Stay or Plan Injunction, again seeking relief to pursue his claims in the Western District Lawsuit. ROA.4005-15. The Debtors filed an opposition to the motion, which argued that all of Cole's claims—whether against CJWS or Nabors—were futile. ROA.4020-28.

The bankruptcy court held a hearing on the motion on March 21, 2017. ROA.73902-17. At the hearing, Cole's counsel appeared and requested relief from the injunction so that Cole could seek claims against CJWS in the Western District Lawsuit. ROA.73909-16. However, Cole failed to present any evidence in support

of his motion. ROA.73910-17. The bankruptcy court therefore denied the motion with prejudice. ROA.4044-45, 73916-17.

Cole filed a Motion for Reconsideration, which asked the bankruptcy court to deny its Amended Motion *without* prejudice and sought an order allowing Cole to name CJWS as a party to the Western District Lawsuit. ROA.4046-82. The bankruptcy court gave Cole a second chance. On April 10, 2017, the bankruptcy court modified its order, denied the motion without prejudice as Cole requested, and provided Cole with specific instructions for any future motion. ROA.4083.

But Cole squandered the opportunity. He never filed a new motion for relief from the injunction.

**D.    Cole proceeded in litigation, and the bankruptcy court entered an order enforcing its injunction.**

Cole proceeded in the Western District Lawsuit without regard to the bankruptcy court's order. The Western District court compelled arbitration of Cole's claims, and an arbitration hearing on the merits was scheduled to begin on August 28, 2018. ROA.5, 4069.

As the arbitration hearing approached, on August 23, 2018, Nabors filed a Motion to Enforce the Confirmation Order and Plan Injunction ("Motion to Enforce"). ROA.1-11. The Motion to Enforce argued that Cole is permanently enjoined from pursuing his lawsuit against CJWS and Nabors. ROA.1-11.

On August 28, 2018, the bankruptcy court granted the motion and ruled that Cole "is permanently enjoined from pursuing any and all Claims" against Nabors. ROA.14-15. The bankruptcy court further ordered Cole to dismiss with prejudice the Western District Lawsuit and the related arbitration. ROA.15.

On September 11, 2018, Cole filed a notice of appeal of the order enforcing the Confirmation Order and Plan Injunction. ROA.16-17.

## SUMMARY OF THE ARGUMENT

At its core, Cole's appeal is a challenge to the bankruptcy court's underlying Confirmation Order. Cole asks this Court to hold that the Confirmation Order's release and injunction are unenforceable. (Appellant's Br. at 14.) But Cole's opportunity to challenge the Confirmation Order expired long ago, and his opposition to the Motion to Enforce amounts to a collateral attack against the Confirmation Order. Cole's challenges to the release and injunction are therefore barred by res judicata. *Eubanks v. F.D.I.C.*, 977 F.2d 166, 169 (5th Cir. 1992); *Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1051 (5th Cir. 1987).

Even putting aside the defense of res judicata, Cole's challenges to the enforceability of the release and injunction are without merit. The bankruptcy court has broad jurisdiction to enter confirmation orders and authority to enter consensual third-party releases. 28 U.S.C. § 157(b)(2)(L); *In re Wool Growers Cent. Storage Co.*, 371 B.R. 768, 775 (Bankr. N.D. Tex. 2007). Moreover, Cole

cannot challenge the court's jurisdiction over the Confirmation Order or its ability to enter a consensual third-party release for the first time in this appeal. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152 (2009); *Shoaf*, 815 F.2d at 1050.

Having failed to raise a viable argument for invalidating the release and injunction, Cole argues that he did not have adequate notice and a hearing before the bankruptcy court granted Nabors' Motion to Enforce. However, a hearing was not required, and the Fifth Circuit allows for "flexibility" in defining the extent of adequate notice. *See* 11 U.S.C. § 102; *Int'l Transactions, Ltd. v. Embotelladora Agral Regiomontana, SA de CV*, 347 F.3d 589, 594 (5th Cir. 2003).

Regardless, if the Court finds that the bankruptcy court violated a procedural rule in granting the Motion to Enforce, such error is harmless. Whether the bankruptcy court granted or denied the Motion to Enforce, Cole would remain permanently enjoined from pursuing the Western District Lawsuit. Accordingly, this Court should affirm the bankruptcy court's order enforcing the Confirmation Order.

## ARGUMENT AND AUTHORITIES

### I. The release and injunction are enforceable.

Although Cole concedes that the Confirmation Order releases and enjoins his claims against Nabors, he contends that the release and injunction are

unenforceable. (Appellant's Br. at 10-11.) This argument is barred by res judicata and is substantively incorrect.

### A. Res judicata precludes Cole from re-litigating the release and injunction.

Res judicata precludes re-litigation of any issues that could have been raised in confirmation proceedings. *Eubanks v. F.D.I.C.*, 977 F.2d 166, 169 (5th Cir. 1992); *Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1051 (5th Cir. 1987); *Tor Husjord Shipping v. Port Isabel/San Benito Navigation Dist. (In re Burton Sec. S.A.)*, 202 B.R. 411, 418 (S.D. Tex. 1996), *aff'd*, 129 F.3d 607 (5th Cir. 1997). A claimant cannot collaterally attack an issue already decided by a bankruptcy court's confirmation order. *In re Blast Energy Servs., Inc.*, 396 B.R. 676, 694 (Bankr. S.D. Tex. 2008). This well-established rule ensures the finality of confirmed plans. *In re Burton Sec. S.A.*, 202 B.R. at 418.

Res judicata applies here because Cole could have challenged the release and injunction during the confirmation proceedings in 2016, but he failed do so. There are four elements of res judicata, all of which are established under the facts of this case: (1) the parties in the prior and current suit are identical; (2) a court of competent jurisdiction entered the prior judgment; (3) the prior judgment is a final judgment on the merits; and (4) the same cause of action is at issue in both cases. *Eubanks*, 977 F.2d at 169; *Shoaf*, 815 F.2d at 1051; *see also FOM Puerto Rico S.E. v. Dr. Barnes Eyecenter Inc.*, 255 F. App'x 909, 911 (5th Cir. 2007).

### 1. The parties are identical.

The first element of res judicata—identical parties—is satisfied because Cole and Nabors were both parties to the Confirmation Order and this appeal. In the Confirmation Order, Cole is a "Releasing Party." The Plan defines "Releasing Parties" to include "all holders of Claims." ROA.3647. The Plan further defines "Claim" as "any claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors." ROA.3640. Because Cole had an outstanding claim against CJWS—a Debtor—before and during the bankruptcy proceeding, Cole is a Releasing Party. *See* ROA.4055-57.

Likewise, Nabors is a "Released Party" under the Confirmation Order. Under the Plan, Nabors Industries Ltd. and its "subsidiaries and Affiliates" are Released Parties. ROA.3645, 3647 (definitions of "Nabors" and "Released Party"). Nabors is a subsidiary of Nabors Industries Ltd.

Cole does not dispute that he and Nabors are subject to the Confirmation Order. In fact, Cole concedes that the Plan releases his claims against Nabors and enjoins him from further pursuing them. (Appellant's Br. at 10.) Because Cole and Nabors are parties to both the Confirmation Order and this appeal, the first element of res judicata is established.

**2. A court of competent jurisdiction rendered the prior judgment.**

The second element of res judicata—rendition by a court of competent jurisdiction—is also established, because the bankruptcy court acted within its jurisdiction when it entered the Confirmation Order.

"Bankruptcy judges may hear . . . all core proceedings arising under title 11 . . . ." 28 U.S.C. § 157(b)(1). Confirmation of a reorganization plan is an enumerated core proceeding under the Bankruptcy Code. 28 U.S.C. § 157(b)(2)(L). Release and injunction provisions in a reorganization plan are also core proceedings because they arise in a plan confirmation hearing. *In re Wool Growers Cent. Storage Co.*, 371 B.R. 768, 775 (Bankr. N.D. Tex. 2007). Thus, the bankruptcy court's broad jurisdiction covered the release and injunction in the Confirmation Order.

It makes no difference that Cole's appeal challenges the bankruptcy's court's subject-matter jurisdiction to release and enjoin his suit against Nabors in in the Confirmation Order. The Fifth Circuit has concluded that res judicata applies—even if the bankruptcy court in the underlying proceeding lacked subject-matter jurisdiction—if the bankruptcy court determined that it had subject-matter jurisdiction, entered a confirmation order, and the decision was not appealed. *Shoaf*, 815 F.2d at 1052-1053.

Here, the bankruptcy court expressly determined that it had jurisdiction to enter its Confirmation Order under 28 U.S.C. §§ 157(b)(2) and 1334 (ROA.3694),[7] and Cole did not appeal the Confirmation Order. Thus, Cole's jurisdictional challenge does not preclude a defense of res judicata, and the second element is met.

### 3. The prior judgment was final and on the merits.

The facts of this case also easily satisfy the third element of res judicata—a final judgment on the merits. "It is well-settled . . . that a confirmation order issued by a bankruptcy court constitutes a final adjudication on the merits for the purposes of a res judicata analysis." *Puckett v. C.I.R.*, 213 F.3d 636 (5th Cir. 2000) (unpublished); *accord Eubanks*, 977 F.2d at 170; *United States v. Brothers Materials, Ltd. (In re Bros. Materials Ltd.)*, 580 B.R. 475, 478 (S.D. Tex. 2017). A bankruptcy court's order confirming a plan of reorganization is given the same effect as a district court's judgment on the merits for claim preclusion purposes. *Eubanks*, 977 F.2d at 170. Even where the specifics of a release are not "actually litigated," confirmation of a reorganization plan disposes of the issues surrounding the release and results in a final and appealable order. *Shoaf*, 815 F.2d at 1053.

---

[7] The Confirmation Order provides: "Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2). The Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1334. The Court has exclusive jurisdiction to (a) determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed and (b) enter a final order with respect thereto." ROA.3694.

Thus, the Confirmation Order in this case, including its release and injunction, is a final judgment for purposes of res judicata.

### 4. The same cause of action is at issue in both suits.

The fourth and final element of res judicata is satisfied because the same claims are at issue in both the Confirmation Order and this appeal. The Fifth Circuit has held that the same claims are at issue when a bankruptcy court's order confirming a reorganization plan extinguishes the later cause of action. *Shoaf*, 815 F.2d at 1053. Here, it is undisputed that the Confirmation Order releases Cole's claims against Nabors. (Appellant's Br. at 10.)

Thus, all elements of res judicata are established, and Cole cannot challenge the validity of the release and injunction.

### B. The bankruptcy court acted within its jurisdiction.

Even if res judicata is not applied, Cole's challenges to the court's jurisdiction and authority to enter the release and injunction are entirely without merit.

### 1. The bankruptcy court has jurisdiction to enter and enforce a confirmation order.

Cole argues that the bankruptcy court lacked jurisdiction to release and enjoin his claims against Nabors in the Confirmation Order, and it therefore lacked jurisdiction to enforce the injunction and release. (Appellant's Br. at 11.) This argument ignores the broad jurisdiction of the bankruptcy court to enter

confirmation orders. As explained in Part I.A.2, the bankruptcy court had subject-matter jurisdiction to enter the Confirmation Order under 28 U.S.C. § 157(b)(2)(L) and 1334. The bankruptcy court also had subject-matter jurisdiction to enforce its Confirmation Order. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (holding that a bankruptcy court plainly has jurisdiction to enforce and interpret its own prior orders).

Cole attempts to skirt the bankruptcy court's broad jurisdiction by arguing that the Western District Lawsuit is a third-party action which is not subject to the court's jurisdiction. (Appellant's Br. at 11-12.) This argument is a red herring, because nobody contends that the Western District Lawsuit belongs in the bankruptcy court. Rather, in this appeal, Cole attacks the bankruptcy court's jurisdiction to enter the Confirmation Order itself. Confirmation of a reorganization plan is not a third-party action, but rather a quintessential bankruptcy matter which is subject to the jurisdiction of the bankruptcy court. 28 U.S.C. § 157(b)(2)(L); *see also In re Millennium Lab Holdings II, LLC*, 575 B.R. 252, 271 (Bankr. D. Del. 2017) ("[C]onfirmation of a plan is . . . a quintessential 'core' proceeding."), *aff'd*, 591 B.R. 559 (D. Del. 2018).

### 2. Cole cannot collaterally attack the bankruptcy court's jurisdiction to enter the confirmation order.

Even if the bankruptcy court did not have subject-matter jurisdiction to release and enjoin Cole's claims against Nabors, Cole cannot raise the issue of

jurisdiction for the first time now. A party cannot collaterally attack the bankruptcy court's jurisdiction to enter a confirmation order in subsequent proceedings to enforce the confirmation order. *In re Bros. Materials Ltd.*, 580 B.R. at 477-78; *cf. Brown v. Illinois Cent. R.R. Co.*, 480 F. App'x 753, 754 (5th Cir. 2010) (explaining that a court's exercise of subject-matter jurisdiction, even if erroneous, is not subject to collateral attack if the party seeking to void the judgment had the opportunity to previously challenge jurisdiction and failed to do so).

The United States Supreme Court addressed a remarkably similar issue in *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137 (2009). In *Bailey*, the bankruptcy court entered an injunction of claims against a third-party non-debtor in furtherance of a reorganization plan. *Id*. at 141-42. Years later, a series of asbestos lawsuits were brought against the third-party non-debtor, and the bankruptcy court found that the asbestos lawsuits were permanently barred by the injunction that it had entered in the earlier bankruptcy proceeding. *Id*. at 145.

Plaintiffs in the asbestos lawsuits appealed. *Id*. The Second Circuit held that the bankruptcy court exceeded its jurisdiction when it entered the earlier injunction, and that the bankruptcy court therefore lacked jurisdiction to enforce it. *Id*. at 146.

The United States Supreme Court rejected that reasoning and reversed. *Id*. at 156. It held that whether or not the bankruptcy court exceeded its jurisdiction when

it entered the third-party non-debtor injunction, the injunction was final and could not be challenged. *Id*. at 152. The court explained that "'[e]ven subject-matter jurisdiction . . . may not be attacked collaterally.'" *Id*. at 152 (quoting *Kontrick v. Ryan*, 540 U.S. 443, 455 n.9 (2004)).

In short, *Bailey* stands for the principle that parties cannot "bootstrap a jurisdictional challenge to a confirmation order through an enforcement action." *In re Bros. Materials Ltd.*, 580 B.R. at 480. Yet, that is precisely what Cole is attempting to do here. Cole could have objected to confirmation of the Plan or appealed the Confirmation Order in 2016, but he did not. He cannot now collaterally attack the bankruptcy court's jurisdiction to enter the release and injunction contained in the Confirmation Order.

### 3. Cole has repeatedly acknowledged the bankruptcy court's jurisdiction.

What's more, Cole's conflicting positions in his own briefing show that he does not truly believe that the bankruptcy court lacked jurisdiction to consider the Motion to Enforce. In fact, Cole took the opposite position in the Jurisdictional Statement of his Appellant's Brief, where he concedes that "[t]he Bankruptcy Court had authority to consider the Motion [to Enforce]." (Appellant's Br. at 1.)

Additionally, Cole acknowledged the bankruptcy court's jurisdiction to enforce its Confirmation Order when he repeatedly sought relief from the injunction in the bankruptcy court. In 2017, Cole filed a motion for relief from the

Plan injunction in the bankruptcy court and appeared before the bankruptcy court at a hearing on the motion. ROA.4005-15, 73909-17. When his motion was denied, Cole again invoked the bankruptcy court's jurisdiction by filing a Motion for Reconsideration, which sought relief from the Plan injunction. ROA.4046-82.

This Court should hold Cole to his repeated admissions that the bankruptcy court had jurisdiction to enter and enforce the Confirmation Order.

## C.    The release and injunction do not violate 11 U.S.C. § 524.

In a related but slightly different argument, Cole contends that the release and injunction are "illegal and cannot be enforced" under 11 U.S.C. § 524(e). (Appellee's Br. at 13.) Like Cole's jurisdictional argument, his illegality argument also fails.

### 1.    Consensual third-party releases are enforceable.

The Fifth Circuit has interpreted section 524(e) of the Bankruptcy Code to mean that "*non-consensual* non-debtor releases and permanent injunctions" are prohibited. *In re Pac. Lumber Co.*, 584 F.3d 229, 252 (5th Cir. 2009) (emphasis added). However, the Fifth Circuit has never barred *consensual* non-debtor releases and injunctions.

Indeed, contrary to Cole's argument, "[m]ost courts allow consensual nondebtor releases to be included in a plan." *See In re Wool Growers Cent. Storage Co.*, 371 B.R. 768, 775 (Bankr. N.D. Tex. 2007). "Consensual nondebtor

releases that are specific in language, integral to the plan, a condition of the settlement, and given for consideration do not violate" the Bankruptcy Code. *See id.* at 776.

In this case, the Confirmation Order expressly found that the third-party releases were consensual. ROA.3707. Additionally, the Confirmation Order provides that parties who fail to object to the release are deemed to have consented to it. ROA.3707. Although Cole had notice of the bankruptcy proceeding (ROA.506-07, 2540), he did not object to the Plan before it was confirmed. Thus, the release is deemed to be consensual and does not violate the Bankruptcy Code. *See Wool Growers*, 371 B.R. at 776.

### 2. Cole cannot raise a challenge to the third-party release for the first time in this appeal.

In any event, Cole lost his opportunity to challenge the validity of the release under section 524 when he failed to appeal the Confirmation Order. The Fifth Circuit's opinion in *Republic Supply Co. v. Shoaf* is controlling. 815 F.2d 1046 (5th Cir. 1987). In *Shoaf*, a plaintiff's action was released by a confirmed plan of reorganization, and the plaintiff did not appeal the confirmation order. *Id*. at 1047-49. Later, the plaintiff pursued litigation in district court anyway, in spite of the bankruptcy court's release. *Id*. As in this case, the plaintiff in *Shoaf* argued that the district court could disregard the release because it exceeded the bankruptcy court's authority under 11 U.S.C. § 524. *Id*. at 1050.

The Fifth Circuit rejected the plaintiff's argument and explained that "[r]egardless of whether that [release] provision is inconsistent with the bankruptcy laws or within the authority of the bankruptcy court," the plaintiff could no longer challenge the release because he chose not to appeal the confirmed plan. *Id*.

Here, as in *Shoaf*, Cole did not appeal the Confirmation Order, and he cannot now attack its release or injunction under section 524. *See id.*; *cf. United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) (holding that a bankruptcy order enforcing a plan was not void, even though the bankruptcy court confirmed the plan without complying with requirements contained in 11 U.S.C. § 523). Accordingly, Cole's argument regarding non-debtor releases is not grounds for reversal.

## II. The bankruptcy court had the authority to promptly grant the Motion to Enforce.

Having failed to raise a viable argument for invalidating the release and injunction, Cole argues that there are procedural errors that warrant reversal. Cole contends that the bankruptcy court erred by: (1) not giving him a hearing on the Motion to Enforce, and (2) not giving him adequate notice of the Motion to Enforce. (Appellant's Br. at 6-10.) Both of Cole's arguments are incorrect, because a hearing was not required, and Cole had adequate notice. Even if a hearing and further notice were mandated, any error was harmless.

**A.      A hearing was not required.**

Cole contends that a hearing was mandated under Bankruptcy Rule 9014. (Appellant's Br. at 6-7.) Rule 9014 provides that "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed. R. Bankr. P. 9014. Section 102 of the Bankruptcy Code defines "notice and a hearing" to mean "such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102.

The Fifth Circuit has held that section 102 permits "flexibility regarding the occasions in which a full hearing is required." *Int'l Transactions, Ltd. v. Embotelladora Agral Regiomontana, SA de CV*, 347 F.3d 589, 594 (5th Cir. 2003). "Where a matter has already been adequately argued before the bankruptcy judge, and the judge determines that no further hearings are necessary, then the debtor's due process rights are not violated when the judge decides the issue without further hearings." *In re Sullivan Cent. Plaza I, Ltd.*, 935 F.2d 723, 727 (5th Cir. 1991) *see also Rockwell Int'l Corp. v. Harnischfeger Indus., Inc. (In re Harnischfeger Indus., Inc.)*, 316 B.R. 616, 619-20 (D. Del. 2003) (explaining that in the context of 11 U.S.C. § 102, a party is not entitled to further evidentiary hearings "to merely reiterate what is already contained in its briefs and the record").

In this case, a hearing was not required on the Motion to Enforce because the bankruptcy court had previously considered whether Cole could be relieved from the release and injunction. In 2016 and 2017, Cole filed a motion and an amended motion seeking relief from the injunction so that he could pursue the Western District Lawsuit. ROA.3504-12, 4005-15. The bankruptcy court held a hearing in which Cole was represented by counsel, and the bankruptcy court denied relief. ROA.4044, 73909-17. Afterward, Cole again sought relief from the release and injunction in his Motion for Reconsideration. ROA.4046-82. The bankruptcy court entertained the Motion for Reconsideration and permitted Cole to refile a motion for relief, but Cole neglected to do so. ROA.4083. Instead, Cole attempted an end-run around the bankruptcy court and pursued relief in the Western District Lawsuit without permission.

It is not necessary that the bankruptcy court hold yet another hearing to enforce its prior order.

### B.    Cole had adequate notice.

Cole also contends that he did not have adequate notice of the Motion to Enforce. To be clear, Cole does not dispute that he *received service* of the motion. He did. Rather, Cole contends that he did not have notice because the bankruptcy court ruled before he filed a response.

### 1. Notice was reasonable under the circumstances.

Cole fails to provide any authority supporting his argument that reasonable notice under Rule 9014 requires a certain amount of response time. In fact, Cole cannot decide what the proper response time should have been—vacillating between arguments that 6 days and 21 days response time was required.

In reality, the notice rule does not require a bankruptcy court to wait a set number of days before ruling on a motion to enforce a prior order. As with hearings, section 102 provides for "flexibility" in defining the extent of required reasonable notice. *Int'l Transactions, Ltd. v. Embotelladora Agral Regiomontana, SA de CV*, 347 F.3d 589, 594 (5th Cir. 2003). Under section 102, notice means "such notice as is appropriate in the particular circumstances." 11 U.S.C. § 102.

Here, Cole had multiple layers of notice that his claims were subject to an injunction. In 2016, Cole received notice that his claims would be enjoined unless he filed a proof of claim, but Cole never filed a proof of claim. ROA. 506-07, 510, 513, 2540. Cole also had ample opportunities to object to the Debtor's proposed plan containing the injunction before the confirmation hearing, but he did not object, and he did not appeal the Confirmation Order.

Additionally, as explained above, Cole had previously briefed his request for relief from the injunction repeatedly. ROA.3504-22, 4005-15, 4046-82. The bankruptcy court also held a hearing in which Cole sought relief from the

injunction. ROA.73902-17. Given these "particular circumstances," five-days' notice was more than "appropriate." *See* 11 U.S.C. § 102.

### 2. There was no mandatory response period.

Moreover, Cole is incorrect when he argues that he was entitled to a six-day or 21-day response period under the rules.

Cole contends that six-days' response time was required under Rules 9014 and 9006, but these rules do not establish such a requirement. (Appellant's Br. at 5-8.) On the contrary, the rules provide that "[n]o response is required," and they impose a response deadline only if there is a hearing. Fed. R. Bankr. P. 9006, 9014.

More specifically, Rule 9014 provides that "[a]ny written response to the motion shall be served within the time determined under Rule 9006(d)." Fed. R. Bankr. P. 9014(b). Rule 9006(d) provides that "any written response shall be served not later than one day before the hearing, unless the court permits otherwise." Fed. R. Bankr. P. 9006. Where, as here, no hearing occurred and none was required, Rules 9014 and 9006 do not impose a deadline to respond.

Southern District of Texas Bankruptcy Local Rule 9013-1(b) also does not prevent a bankruptcy court from ruling before the expiration of 21 days. That rule simply requires parties to include in their motions boilerplate language instructing their opponent to "file and serve [a] response within 21 days." S.D. Bank. L.R.

9013-1(b). However, Local Rule 9013-1(b) does not require a bankruptcy court to wait 21 days before ruling.

### 3. The bankruptcy court had the authority to shorten deadlines, if any.

Even if Cole was entitled to a six or 21-day response-time, the bankruptcy court had the authority to shorten any response deadline for good cause. Under Rule 9006, "when an act is required or allowed to be done . . . within a specified time by [the Bankruptcy Rules] or by a notice given thereunder . . . the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006. Here, Nabors' motion showed that there was good cause for the bankruptcy court to rule on the motion within five days. As explained in Part II.B.1, the issues had previously been presented to the court.

### C. Any procedural error is harmless.

Regardless, if this Court finds that the bankruptcy court deviated from the Bankruptcy Rules or local rules, any error would be harmless. Procedural errors "are not cause for reversal if no prejudice occurred." *Macon Uplands Venture v. Metro. Life Ins. Co. (In re Macon Uplands Venture)*, 624 F.2d 26, 28 (5th Cir. 1980). The party asserting error has the burden of proving that its substantial right was affected by an erroneous ruling. *Great Plains Equip., Inc. v. Koch Gathering Sys., Inc.*, 45 F.3d 962, 967 (5th Cir. 1995).

In this case, the result would be the same whether or not the bankruptcy court granted Nabors' Motion to Enforce. Either way, the release and injunction in the unappealed Confirmation Order would remain effective and undisturbed, and they would continue to bar Cole's claims. In fact, it is undisputed that the Confirmation Order released and enjoined Cole's claims against Nabors, and he has not obtained affirmative relief from the Confirmation Order. (Appellant's Br. at 10.) Thus, any technical error concerning the court's consideration of the Motion to Enforce would be harmless.

## CONCLUSION

For all of these reasons, Nabors respectfully requests that this Court affirm the bankruptcy court's order granting the Motion to Enforce the Confirmation Order.

Respectfully Submitted,

HAYNES AND BOONE, LLP

*/s/ Kelli S. Norfleet*
Henry Flores
Texas State Bar No. 00784062
Christina Crozier
Texas State Bar No. 24050466
Kelli S. Norfleet
Texas State Bar No. 24070678
Kelsey L. Zottnick
Texas State Bar No. 24102687
1221 McKinney, Suite 2100
Houston, TX 77010
Telephone: (713) 547-2000
Facsimile (713) 547-2600
*henry.flores@haynesboone.com*
*christina.crozier@haynesboone.com*
*kelli.norfleet@haynesboone.com*
*kelsey.zottnick@haynesboone.com*

**COUNSEL FOR APPELLEE,**
**NABORS CORPORATE SERVICES, INC.**

# CERTIFICATE OF COMPLIANCE

1.     This brief complies with the type-volume limitation of Federal Rule of Bankruptcy Procedure 8015(a)(7)(B) because:

■     this brief contains 5,324 words, excluding the parts of the brief exempted by Federal Rule of Bankruptcy Procedure 8015(g).

2.     This brief complies with the typeface requirements of Federal Rule of Bankruptcy Procedure 8015(a)(5) and the type style requirements of Federal Rule of Bankruptcy Procedure 8015(a)(6) because:

■     this brief has been prepared in a proportionally spaced typeface in 14-point Times New Roman font.

*/s/ Kelli S. Norfleet*
Kelli S. Norfleet

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on this 21st day of December, 2018 as follows:

***Attorneys for Appellant John Cole:***

Broocks M. Wilson
GERGER LAW FIRM, PLLC
2211 Norfolk St., Suite 517
Houston, TX 77098
E-mail: mwilson@gerglaw.com

*/s/ Kelli S. Norfleet*
Kelli S. Norfleet