# Case No. 4:18-cv-03250

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOHN COLE, | § | |
| | § | On Appeal from the United States |
| Appellant, | § | Bankruptcy Court for the Southern |
| | § | District of Texas' August 28, 2018 |
| vs. | § | Order Enforcing Confirmation Order |
| | § | and Plan Injunction Against John |
| NABORS CORPORATE SERVICES, | § | Cole, in *In re C&J Holding Co., et al.*, |
| INC. | § | Case No. 16-33590 |
| | § | |
| Appellee. | § | |

## APPELLANT JOHN COLE'S REPLY

Broocks M. Wilson
State Bar No. 24102655
Gerger Law Firm PLLC
2211 Norfolk, # 517
Houston, Texas 77098
Phone: 713.340.1400
Fax: 888.317.0281
mwilson@gerglaw.com
**ATTORNEY FOR APPELLANT
JOHN COLE**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES                                                          iii

REPLY                                                                          1

    *1.    Res Judicata Does Not Preclude Appellant's Challenge …*    *2*
    *2.    Appellant Did Not Consent to the Release*    *3*
    *3.    The Notice Issues Are Significant*    *6*

CONCLUSION                                                                     8

CERTIFICATE OF COMPLIANCE                                                      8

CERTIFICATE OF SERVICE                                                         9

# TABLE OF AUTHORITIES

## Cases

*Bank of Eng. v. Rice (In re Webb)*,
520 B.R. 748 (Bankr. E.D. Ark. 2014) ..... 4

*Bank of New York Trust Co., NA v. Official Unsecured Creditors Comm. (In re Pacific Lumber Co.)*,
584 F.3d 229 (5th Cir. 2009) ..... 3

*Browning v. Navarro*,
743 F.2d 1069 (5th Cir. 1984) ..... 3

*Da Silva v. Kinsho Int'l Corp.*,
229 F.3d 358 (2nd Cir. 2000) ..... 2

*Durfee v. Duke*,
375 U.S. 106 (1963) ..... 2

*Futuresource L.L.C. v. Reuters, Ltd.*,
312 F.3d 281 (7th Cir. 2002) ..... 4

*In re Edwards*,
962 F.2d 641 (7th Cir. 1992) ..... 2

*In re Sandy Ridge Dev. Corp.*,
881 F.2d 1346 (5th Cir. 1989 ..... 4

*In re Specialty Equipment Cos.*,
3 F.3d 1043, 1047 (7th Cir. 1993) ..... 4

*In re Sullivan Cent. Plaza I, Ltd.*,
935 F.2d 723 (5th Cir. 1991) ..... 7

*In re Taylor*,
884 F.2d 478 (9th Cir. 1989) ..... 2

*In re Williams*,
61 B.R. 567 (Bankr. N.D. Tex. 1986) ..... 4

*In re Zenith Elecs. Corp.*,
241 B.R. 192 (Bankr. D. Del. 1999)                                              3

*Travelers Indem. Co. v. Bailey*,
557 U.S. 137 (2009)                                                            2

**<u>Statutes & Rules</u>**

11 U.S.C. § 524(e)                                                             3

FED. R. BANKR. P. 9006                                                        8

FED. R. BANKR. P. 9014                                                        8

**<u>Secondary Sources</u>**

*Consent*, BLACK'S LAW DICTIONARY                                             3

RESTATEMENT (SECOND) OF JUDGMENTS § 12                                        2

RESTATEMENT (SECOND) OF JUDGMENTS § 69                                        2

# REPLY

Appellee's brief boils down to two arguments: 1) the matter of the third-party releases is *res judicata* and thus can no longer be challenged, and 2) the Bankruptcy Court[1] had jurisdiction to enter to release Appellant's claims against non-debtor third parties because Appellant consented them.   Neither of these arguments support Appellee's contention that Appellant's claims against Nabors was released by the Confirmation Order.

First, an order that is rendered in obvious excess of the issuing court's jurisdiction is not entitled to *res judicata* effect.   Because the Confirmation Order was an unwarranted expansion of the Bankruptcy Court's jurisdiction, it is not entitled to *res judicata*.

Second, a bankruptcy court cannot release claims against third parties without the affirmative consent of the releasors.   Appellant did not manifest his consent to the release of his claims against Nabors.

Appellee's brief also attempts to mitigate the notice issues by alleging the Bankruptcy Court had previously specifically considered Appellant's claims against Nabors and that these issues had already been before the Bankruptcy Court.   This is incorrect.

---

[1] Defined terms have the same meaning here as in Appellant's Brief (ECF No. 6).

1. *Res Judicata Does Not Preclude Appellant's Challenge Because the Order Entered Was Plainly Beyond the Bankruptcy Court's Jurisdiction*

Appellant argues for the general rule that finality trumps validity and thus, "[e]ven subject matter jurisdiction may not be attacked collaterally." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 153 (2009).  However, "the rule is not absolute." *Id.* at 153 n.7.  Without explicit adoption, the Supreme Court noted the exception where "[t]he subject matter of the action was so plainly beyond the court's jurisdiction that entertaining the action was an abuse of authority."  *Id.* (citing RESTATEMENT (SECOND) OF JUDGMENTS § 12).

Several circuits have adopted this exception noted in *Bailey*.  *See, e.g., Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 362 (2d Cir. 2000) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 69); *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992); *In re Taylor*, 884 F.2d 478, 482 (9th Cir. 1989).  In another instance providing support, the Supreme Court held that a federal court has "the duty to inquire into the jurisdiction" of a prior court to determine if the previous judgment was void upon proper allegations of jurisdictional defects.  *Durfee v. Duke*, 375 U.S. 106, 116 (1963).

The matter before the Court involves a situation where the subject matter was so plainly beyond the Bankruptcy Court's jurisdiction that entertaining it was clearly wrong.  First, the Bankruptcy Code explicitly prohibits the discharge of a

non-debtor's debts.   11 U.S.C. § 524(e).   Additionally, the Fifth Circuit has repeatedly stated that non-consensual non-debtor releases and permanent injunctions are foreclosed by this prohibition.   *Bank of New York Trust Co., NA v. Official Unsecured Creditors Comm. (In re Pacific Lumber Co.)*, 584 F.3d 229, 252 (5th Cir. 2009) (citing four Fifth Circuit cases on the matter since 1993).

The clear legal authority on this issue explains why the Bankruptcy Court's exercise of jurisdiction over Appellant's claims against Nabors is an abuse of its authority.   Accordingly, this is a matter that fits into the exception and *res judicata* does not apply.

2. <u>*Appellant Did Not Consent to the Release*</u>

Consent requires an affirmative act such as "concurrence", "voluntary yielding", or "agreement."   BLACK'S LAW DICTIONARY (6th ed. 1996).   Because the plain meaning requires consent to be given by affirmative act, Appellant did not provide his consent to the release language because he did not give any affirmative act indicating consent.   Cases interpreting the meaning of "consent" in the bankruptcy context support this conclusion.   *See, e.g., In re Zenith Elecs. Corp.*, 241 B.R. 92, 111 (Bankr. D. Del. 1999) (a release of third party claims "cannot be accomplished without the affirmative agreement of the creditor affected.").   *See also Browning v. Navarro*, 743 F.2d 1069, 1076 n.20 (5th Cir. 1984) (a bankruptcy court "exceeds its power if it enters a consent decree to which there was not actual

3

consent"); *In re Williams*, 61 B.R. 567, 572 (Bankr. N.D. Tex. 1986) ("consent" as used in § 363(c) requires creditor's affirmative approval).

Indeed, even a creditor's bare approval of a proposal is not affirmative enough an act to constitute consent. *In re Sandy Ridge Dev. Corp.*, 881 F.2d 1346, 1351 (5th Cir. 1989). *See also Bank of Eng. v. Rice (In re Webb)*, 520 B.R. 748, 776-77 (Bankr. E.D. Ark. 2014) (collecting cases). Courts that have taken a non-objection to mean consent have done so in the context of matters central to the bankruptcy court's "core" authority – such as sales of estate property – and have otherwise held that non-debtor releases require affirmative consent. *Compare, e.g., Futuresource L.L.C. v. Reuters, Ltd.*, 312 F.3d 281, 286 (7th Cir. 2002) (holding that non-objection is deemed consent for § 363(f) sales), and *In re Specialty Equipment Cos.*, 3 F.3d 1043, 1047 (7th Cir. 1993) (holding that a consensual release only binds those creditors voting in favor of the plan of reorganization).

The Bankruptcy Court's finding that a failure to object constitutes consent to the third-party release is deeply prejudicial, unfair, and perverts the bankruptcy process. In this case, Appellant worked for NCPS while it was a subsidiary of Nabors. *See* ROA.4057. He filed his EEOC claim against NCPS, while it was a subsidiary of Nabors. *Id.* The EEOC's right to sue letter authorized him to sue Nabors. *See* ROA.4060. It is unfair to expect Appellant to realize his claims against Nabors are in jeopardy when noticed of C&J's bankruptcy. The unfairness is

4

compounded by the Plan's length of 57 pages, single-spaced, in small font. *See* ROA.3765-ROA.3831. The release of Appellant's claims against Nabors is in bold text on pages 42 through 44, but for all intents surrounded by lots of other bold text. *See* ROA.3810-ROA.3812. The release does not specifically name Nabors, but refers "Released Party," which is defined on page 10, definition 122. *See* ROA.3778.

It strains credulity to suggest a former employee with no legal training would think his non-objection to C&J's plan would result in the loss of his claim against a non-debtor third party. And it seems patently unfair to require him to understand a dense legal document in order to do so. This is why affirmative consent is required.

Consent to a non-debtor release cannot arise from a failure to object; there must be some affirmative action. Appellant did not take any affirmative act consenting to the release of his claims against Nabors. He did not sign a consent, he did not vote to confirm the Plan, and it is unclear whether his class even voted to accept the Plan. *See* ROA.3691-ROA.3763. In fact, Appellant has pursued his claims against Nabors for 2 years since the Plan's confirmation, an obvious manifestation of non-consent. *See* ROA.1-ROA.11. Thus, Appellant did not consent to the Plan's release provisions and the Bankruptcy Court's exercise of jurisdiction over his claim was egregious. The Plan's release provisions should be considered a void judgment as to Appellant.

Furthermore, Appellee has defended against the claim for two years and never raised the defense until filing the Motion.  If any party consented to anything it is Nabors who consented to litigating Appellants' claim in the Appellant's chosen forum for two years and then, on the eve of trial, sought refuge in the bankruptcy court.

3.  *The Notice Issues Are Significant*

Appellee's argument for why the Bankruptcy Court had authority to rule after five-day's notice without a response or hearing appears to be based on its contention that the Bankruptcy Court had already determined Appellant's claims against Nabors were enjoined and that Appellant had ignored the Bankruptcy Court's order.  This is not factually correct.

On March 4, 2017, Appellant filed a motion requesting relief in C&J's bankruptcy case from the automatic stay.  *See* ROA.4005-ROA.4015.  The motion sought stay relief so that Appellant could include C&J as a party in its pending case against Nabors.  *See* ROA.4005. It did not request relief to proceed against Nabors. *Id.*  And contrary to the Appellee's assertions, C&J's opposition to Appellant's stay relief motion did not argue Appellant's claims against Nabors were futile, only that its claims against C&J were futile.  *See* ROA.4025-ROA.4027.

The only issue before the Bankruptcy Court in Appellant's stay relief motion was whether Appellant's claims against C&J were discharged.  In response to the

Bankruptcy Court's denial of Appellant's motion, he has not pursued his claim against C&J. The issue of whether Appellant's claims against Nabors was not before the Bankruptcy Court. Thus, there is no basis to Appellee's assertion that Appellant ignored the Bankruptcy Court's order denying his motion by continuing to pursue his claims against Nabors.

Further, even if Appellant's motion did include the issue of whether his claims against Nabors had been discharged, the Bankruptcy Court never reached the merits of Appellant's contentions and denied the motion without prejudice. *See* ROA. 4044-ROA.4045, ROA. 4083. Thus, the Bankruptcy Court had not actually decided the issue. And to the extent there is fault for failure to bring the matter to the Bankruptcy Court's attention, it is equal on both sides as Appellee did not bring the Motion until it had participated in litigation with Appellant for more than a year-and-a-half after the Confirmation Order was entered.

Because the Bankruptcy Court had not previously considered the issue of whether Appellant's claim against Nabors were released, this is not a situation where "a matter has already been adequately argued before the bankruptcy judge, and the judge determines that no further hearings are necessary." *In re Sullivan Cent. Plaza I, Ltd.*, 935 F.2d 723, 727 (5th Cir. 1991). The Bankruptcy Court had received no briefing or evidence from Appellant on the issue, and thus its granting of the Motion

without giving Appellant adequate opportunity to respond violated due process and the Bankruptcy Rules. *See* FED. R. BANKR. P. 9006, 9014.

## CONCLUSION

The Bankruptcy Court's exercise of jurisdiction over Appellant's claims against Nabors without his consent was egregious and thus not entitled to any res judicata effect. This Court should therefore reverse the Order.

Dated: January 4, 2019

By: */s/ Broocks M. Wilson*
Broocks M. Wilson
State Bar No. 24102655
Gerger Law Firm PLLC
2211 Norfolk, # 517
Houston, Texas 77098
Phone: 713.340.1400
Fax: 888.317.0281
mwilson@gerglaw.com
**ATTORNEY FOR APPELLANT
JOHN COLE**

## CERTIFICATE OF COMPLIANCE

I, Broocks M. Wilson, do hereby certify that Appellant's Reply Brief contains 1,664 words, within the limits allowed by Federal Rule of Bankruptcy Procedure 8015(a)(7)(B).

*/s/ Broocks M. Wilson*

## CERTIFICATE OF SERVICE

I, Broocks M. Wilson, do hereby certify that a true and correct copy of Appellant's Reply Brief was served upon the following by the Court's CM/ECF system on January 4, 2019.

Bernard R. Given
**Loeb & Loeb LLP**
*Attorney for C&J*

Henry Flores
Kelli S. Norfleet
Kelsey L. Zottnick
**Haynes & Boone LLP**
*Attorneys for Appellee*

*/s/ Broocks M. Wilson*