**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-4215 |
| | § | |
| RHONDA J. PANTALION, | § | |
| | § | |
| Defendant. | § | |

**ORDER ENTERING DEFAULT AND ORDERING WELLS FARGO
TO SUBMIT ADDITIONAL DOCUMENTS**

Wells Fargo Bank, N.A. sued Rhonda J. Pantalion, alleging that Pantalion has defaulted on her home mortgage loan and that it is entitled to foreclose. Wells Fargo has moved for entry of default and default judgment, seeking a foreclosure order and attorney's fees, because Pantalion was served but has not appeared, answered, asserted a defense, or sought more time to do so. The court enters default but defers ruling on default judgment until additional documents are submitted. The reasons are explained in detail below.

## I.    Background

In August 2004, Pantalion obtained a home mortgage loan for $104,250.00 from Olympus Mortgage Company to purchase a home in Katy, Texas. Pantalion signed a Promissory Note agreeing to repay the loan through monthly payments of $768.59 over 30 years. (Docket Entry No. 1-1 at 2). Olympus Mortgage Company and Pantalion entered into a Security Instrument, giving Olympus Mortgage Company a lien on the home. (*Id.* at 8–9, 20–22).

The Note stated that if Pantalion "did not pay the full amount of each monthly payment on the date it is due, [she] will be in default." (*Id.* at 4). If Pantalion defaulted, Wells Fargo could inform Pantalion in writing that if she did not pay the amount due within 30 days, her loan would

be accelerated, requiring her to immediately pay the full loan balance. (*Id.* at 4, 20). The Note and Security Agreement required all notices to be in writing and sent by first class mail. (*Id.* at 4, 17). To foreclose on Pantalion's home, Wells Fargo had to obtain a court order. (*Id.* at 20).

On some undisclosed date, Olympus Mortgage Company assigned the Note and Security Agreement to a mortgage-backed security trust, for which Wells Fargo was the trustee. (Docket Entry No. 1 at 3). The complaint alleges that Wells Fargo is the current holder of the Note and Security Instrument. (*Id.* at 2).

Pantalion did not make a mortgage payment on May 1, 2018, as required by the Note, and has not made one since. (*Id.* at 4). In July 2018, Ocwen Loan Servicing, LLC, the loan servicer for Wells Fargo, sent Pantalion a Notice of Default, informing her that she was in default and owed $2,954.97. (Docket Entry No. 1-1 at 30–31). The Notice stated that Pantalion had until August 12, 2018, to cure the default, and that a failure to cure would lead to the loan's acceleration and, if she could not pay the loan's full balance, a foreclosure sale. (*Id.*). The Notice stated that after acceleration, but before foreclosure, Pantalion could seek to reinstate the loan, "depending on the terms of the note and mortgage, any payments received and/or any relevant prior court order." (*Id.* at 31).

Pantalion did not cure the default. In September 2018, a law firm sent Pantalion a Notice of Acceleration, stating that Wells Fargo had accelerated her loan and that she owed $93,046.57. (*Id.* at 35). The Notice stated that Pantalion had 30 days to "dispute the validity of the debt." (*Id.*). Pantalion did not do so.

In November 2018, Wells Fargo sued Pantalion seeking a declaration that she was in default and that Wells Fargo could foreclose under the Security Agreement and Texas Property Code

§ 51.002.  (Docket Entry No. 1 at 5).  Wells Fargo also requested attorney's fees.  (*Id.*).  Attached to the complaint were the Note, the Security Agreement, Notice of Default, and Notice of Acceleration.  (Docket Entry No. 1-1).

Edward Johnson, a process server, served Rhonda Pantalion with the summons and complaint, and informed her of those documents' contents, on December 21, 2018, at 2:38 p.m. (Docket Entry No. 3 at 3).  The summons stated that if Pantalion failed to respond within 21 days of being served, "judgment by default will be entered" for "the relief demanded in the complaint." (*Id.*).  Pantalion did not answer the complaint, move under Federal Rule of Civil Procedure 12, or request more time to do so.

Wells Fargo has moved for entry of default.  (Docket Entry No. 7).  Wells Fargo argues that the court should enter default because Pantalion did not file a responsive pleading, and has not otherwise appeared.  (*Id.* at 2).  Wells Fargo submitted an affidavit of its counsel, stating that Pantalion was served but has not responded.  (Docket Entry No. 7-1).

Wells Fargo has also moved for default judgment, asking the court for a declaration that it currently holds the Note and Security Instrument, and that it is entitled to foreclose and to receive attorney's fees under the Security Instrument.  (Docket Entry No. 8 at 2).  Wells Fargo argues that the complaint's allegations, accepted as true, establish that Pantalion had a mortgage secured by a lien under Texas law; that Pantalion defaulted on her loan; that Pantalion received timely notices of default and acceleration; and that she failed to cure the default or reinstate the loan.  (*Id.* at 2–4). These allegations, Wells Fargo argues, provide a sufficient basis for default judgment.

Pantalion has not responded to the motions for entry of default or default judgment.

## II.     Legal Standard

"A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis omitted).

> An entry of default is what the clerk enters when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment.

*Id.* (emphasis omitted). "District courts in the Fifth Circuit have characterized [this] language as establishing a 'three-step process,' in which default must precede entry of default and entry of default must precede default judgment." *Pipe Wrap LLC v. P3 Indus. Techs., Inc.*, No. H-08-822, 2009 WL 2915921, at *2 (S.D. Tex. Aug. 31, 2009) (collecting cases).

A default must be entered when a party shows "by affidavit or otherwise" that another party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). Either the clerk or the court may enter default. *Pipe Wrap*, 2009 WL 2915921, at *2. After default is entered, default judgment may be sought under Rule 55(b). "Motions for default judgment must be served on the defendant-respondent by certified mail (return receipt requested)." S.D. TEX. LOCAL R. 5.5.

"Defaults are 'generally disfavored.'" *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984)); *see also Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) ("Defaults are not favored and their strict enforcement has no place in the Federal Rules." (quotation omitted)). The Fifth Circuit has adopted "a policy in favor of resolving cases on their merits and against the use of

4

default judgments." *Sindhi v. Raina*, 905 F.3d 327, 331 (5th Cir. 2018) (quotation omitted). "[T]hey are 'available only when the adversary process has been halted because of an essentially unresponsive party.'" *Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." FED. R. CIV. P. 55(c).

"[A] defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The defendant's default is not treated "as an absolute confession" of liability or "the plaintiff's right to recover." *Id.* "There must be a sufficient basis in the pleadings for the judgment entered." *Id.* By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Id.* The complaint's allegations must "satisfy the low threshold of Rule 8." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015); *Sec. & Exch. Comm'n v. McDuff*, 697 F. App'x 393, 394 (5th Cir. 2017) ("Federal Rule of Civil Procedure 8 indicates what is 'well-pleaded' or 'sufficient.' (citing *Wooten*, 788 F.3d at 498)). "On appeal, the defendant, although he may not challenge the sufficiency of the evidence, is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Nishimatsu*, 515 F.2d at 1206. "A default judgment is unassailable on the merits but only as so far as it is supported by well-pleaded allegations, assumed to be true." *Wooten*, 788 F.3d at 496 (quoting *Nishimatsu*, 515 F.2d at 1206).

## III. Analysis

Pantalion has not appeared, answered, filed a Rule 12 motion, or asked for more time to do so. Counsel for Wells Fargo has submitted an affidavit stating that Pantalion has been served but

failed to answer or otherwise respond. (Docket Entry No. 7-1). Wells Fargo has submitted proof of service, indicating that Pantalion was served with the summons and complaint, informed of the need to timely respond, and warned of the risk of default if she did not do so. (Docket Entry No. 3 at 3). Based on the proof of service, affidavit, and the record, default is entered against Pantalion.

Wells Fargo has not provided proof that the default-judgment motion was served on Pantalion by certified mail, as the Local Rules require, or that Pantalion's loan was assigned to the mortgage-backed securities trust. Nor has Wells Fargo provided evidence to support an award of attorney's fees. *See Tech Pharm. Servs., LLC v. Alixa Rx LLC*, 298 F. Supp. 3d 892, 898 (E.D. Tex. 2017) ("Under Texas law, it is the movant that bears the burden of proof to show the reasonable fees they are owed." (citing *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012)). The court declines to rule on the motion for default judgment and orders Wells Fargo to submit proof of service of the default-judgment motion, the assignment of Pantalion's loan to the mortgage-backed securities trust, and its reasonable attorney's fees.

## IV. Conclusion

Wells Fargo's motion for entry of default is granted. (Docket Entry No. 7). Wells Fargo must submit the proof of service of the default-judgment motion, the loan's assignment to the mortgage-back securities trust, and evidence of reasonable the attorney's fees by **February 22, 2019**.

SIGNED on February 8, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge